

# IN THE
# TENTH COURT OF APPEALS

## No. 10-24-00343-CV

## IN THE INTEREST OF M.B., P.B., AND K.B., CHILDREN,

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. DC-22-53905**

## MEMORANDUM OPINION

The father of M.B., P.B., and K.B. appeals the judgment that terminated his parental rights to his children. After a trial before the associate judge, the trial court considered the trial *de novo* and rendered an order which terminated father's and mother's parental rights to the children and found that termination was in the children's best interests. *See* TEX. FAM. CODE § 161.001. The trial court's order also appointed the Department as the children's permanent managing conservator.

On appeal, father challenges, among other things, the trial court's failure to apply the Indian Child Welfare Act (ICWA) to the case. *See* 25 U.S.C. §§ 1901-63. The Department concedes that the ICWA applied to the children after the parents filed for *de novo* review and before the trial court terminated the parental rights upon its *de novo*

review.  Thus, the Department requests that this Court reverse the judgment of termination and remand the case to the trial court to conduct a new trial applying the ICWA.  We agree with the Department's concession and request.

Accordingly, the trial court's De Novo Order of Termination is reversed, and this case is remanded to the trial court to conduct a new trial applying the ICWA.  *See In the Interest of J.J.C.*, 302 S.W.3d 896, 903 (Tex. App.—Waco 2009, no pet.).  A new trial must be commenced no later than 180 days after the date the mandate is issued by this Court. TEX. R. APP. P. 28.4(c).

LEE HARRIS
Justice

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Reversed and remanded
Opinion delivered and filed February 13, 2025
[CV06]

